UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK S. LEA, JR., <br><br> Plaintiff, <br><br> v. <br><br> GLAUDIEX, LOGAN WRIGHT, D'ANDREA, MUCCULLOCH, JOHN DOES, and JANE DOES, <br><br> Defendants. | CAUSE NO. 3:25-CV-163-JD-AZ |

OPINION AND ORDER

Mark S. Lea, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lea alleges that on February 27, 2023, the night before he was going to be transferred from the Allen County Jail to the custody of the Indiana Department of Correction ("IDOC"), he was suicidal. Several jail officers escorted him to the suicide room with his hands cuffed behind his back. When they arrived at the suicide cell, Lea tried to bang his head on the door. When he did that, one officer rushed him to the back

of the cell, threw him on his stomach, and beat and stomped on him while he begged for his life. One officer had his foot on his neck, preventing him from breathing. Another officer held him down by kneeling on the handcuffs, causing tremendous pain and cutting off the circulation to Lea's hands. Another officer stomped and kicked him in the face and eye, causing his face to swell, which kept him from being able to see properly for more than a month. Lea's arms and legs were battered during the attack, causing bleeding. He never resisted or fought back in any way; he was laying on his stomach with his hands cuffed behind his back the whole time. Lea believes the beating was "payback" for an incident where he battered an officer at the jail[1] and for providing a statement against Officer Logan Wright regarding a use of force against another inmate.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against convicted prisoners. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application

---

[1] Lea was charged in State Court with battery of a public safety officer based on this incident, which occurred at the Allen County while he was detained awaiting trial on another charge. A jury found him guilty, and he was sentenced to the IDOC. *See State v. Lea*, No. 02D05-2207-F5-000255 (Allen. Super. Ct. decided Nov. 18, 2022).

of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890.

Lea has plausibly alleged that the use of force in the suicide cell violated the Eighth Amendment. He does not know the identities of all the officers who participated, but he remembers Officers Wright, D'andrea, and Muccullach were there. He, therefore, may proceed against those defendants. Even if one of them did not personally strike Lea, "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).

Lea also names as defendants the unknown John and Jane Doe officers who also participated in the use of force. It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). The unidentified officers must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* It is unclear whether these defendants will be able to be identified and served within the statute of limitations; Lea filed this suit less than two weeks before the statute of limitations would expire. However, that is an issue better left for the defendants, if they are identified, to raise later in the litigation. The court has an obligation to assist Lea in trying to identify and serve these defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). To expedite that

3

process, the court will order the Sheriff of Allen County to provide the names of the officers involved in the alleged use of force on February 27, 2023, to the extent possible, based on the information Lea has provided. Until they are identified, Lea will be allowed to proceed against the John and Jane Doe officers.

Additionally, Lea names the Allen County Sheriff's Department, Sheriff Glaudiex, and the Jail Commander as defendants, but he does not allege these defendants had any personal involvement in the use of force. A claim under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This means that supervisors or employers cannot be held liable just because their subordinates may have violated the constitution; to be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Similarly, the Sheriff's Department can be held liable if the alleged constitutional violation happened as a result of a policy, practice, or custom of the jail itself. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). There are no allegations that would support a claim under § 1983 against these defendants.[2]

Finally, Lea sues Jane Does employed by Quality Correctional Care, the private corporation that provides medical care at the jail, alleging that he was denied medical

---

[2] Sheriff Glaudiex, in his official capacity, will be kept as a defendant only for purposes of identifying the unknown officers involved in the alleged use of force. Once that task is completed, he will be dismissed.

care for hours after the use of force. Then, when he saw medical, his only treatment was Tylenol. He continues that when he arrived at IDOC's Reception Diagnostic Center the next day, he was immediately sent to the hospital for treatment. At the time, he was seeing spots and had blurry vision. He was diagnosed with soft tissue damage and was told it would be a while before he would be able to see out of his swollen eye again. He sues the unknown Quality Correctional Care employees for the delay in him being treated.

As discussed above, unknown defendants cannot be served with process. But even if the individuals were identified, the complaint does not allege a basis to hold these individuals liable for the delay in Lea being seen. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, Lea alleges that after the use of force, he was denied a grievance and a

healthcare request form. There is no basis to infer that any of the medical staff were aware that Lea needed medical attention. If they were not aware of the need, they could not have been deliberately indifference.

For these reasons, the court:

(1) GRANTS Mark S. Lea, Jr. leave to proceed against Officers Logan Wright, D'andrea, and Mucculloch and the John and Jane Doe officers in their individual capacities for compensatory and punitive damages for the use of excessive force or the failure to intervene in the use of excessive force against Lea in the suicide cell on February 27, 2023, in violation of the Eighth Amendment;

(2) GRANTS Mark S. Lea, Jr., leave to proceed against Sheriff Glaudiex, in his official capacity, for the sole purpose of identifying the individuals involved in the alleged use of force on February 27, 2023;

(3) DISMISSES all other claims;

(4) DISMISSES Allen County Sheriffs Dept, Quality Correctional Care Jane Does, and Jail Commander;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Glaudiex (in his official capacity) and Officers Logan Wright, D'andrea, and Mucculloch at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officers Logan Wright, D'andrea, and Mucculloch to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(8) WAIVES Sheriff Galdieux's obligation to answer the complaint and ORDERS this defendant to provide the name of the individuals involved in the alleged use of force against Lea in the suicide cell on February 27, 2023, or to file a notice explaining why the names of these individuals cannot be provided by **October 14, 2025**.

SO ORDERED on September 12, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT